PER CURIAM.
This is an appeal from a final judgment denying appellant’s petition for writ of certiorari directed to an order of the Civil Service Board of West Palm Beach, which order sustained appellant's discharge from the police department by the chief of police.
Appellant, petitioner below, occupied the position of jailer at the West Palm Beach municipal jail. The chief of police, appellant’s superior, served appellant with a notice of discharge charging him with an act of sexual intercourse with a female prisoner on the night of February 25, 1961.
Appellant answered denying the grounds of discharge and requesting a hearing before the civil service board. Accordingly a hearing was held, during which appellant called 74 witnesses, most of them character witnesses, and the department head called 15 witnesses. The record contains 771 pages of testimony, 22 exhibits introduced by appellant and 3 by the department head, including appellant’s personnel file.
The civil service board, in upholding appellant’s discharge, stated:
" * * * that while there is not sufficient creditable testimony or evidence to warrant the conclusion that the discharged employee is guilty of the immoral sexual acts alleged, the testimony and evidence, however, is sufficient to show gross indiscretion while on duty with a female prisoner and it is clear that the discharged employee is guilty of deliberately breaching, disregarding and ignoring the rules and regulations of the Police Department relative to the administration and operation of the City Jail while he was serving as the City Jailer and that the Chief of Police, William M. Barnes, was within his rights as Chief of Police in discharging said person from employment in the Police Department of this City.”
In denying certiorari the lower court held:
“Upon argument of counsel and a consideration of the record it appears the Civil Service Board of West Palm Beach, Florida, had jurisdiction of this cause, proceeded in conformity with the law and based its order upon substantial evidence. Petitioner having failed to demonstrate clearly error in the proceedings the petition for writ of certiorari' must be denied.”
We have studied the briefs of the parties and read the voluminous testimony adduced at the hearing before the board. We have also considered in particular the charges made against the appellant and whether or not he was fairly apprised of the grounds stated therein and what he would be called upon to show in order to refute them. We are convinced that appellant was given a fair hearing in every essential respect and conclude that there was sufficient evidence before the board to support its findings upholding appellant’s discharge. The lower court, upon review having been sought before it by petition for writ of certiorari, was justified in upholding the decision of the board and thus denying the writ.
Affirmed.
SHANNON, C. J., and ALLEN and SMITH, JJ., concur.